IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re: JOHN THOMAS LUCIANO | ) | |
| **Debtor** | ) | |
| | ) | CHAPTER 13 |
| CREDIT ACCEPTANCE CORPORATION | ) | |
| **Moving Party** | ) | Case No.: 18-13207 (MDC) |
| | ) | |
| v. | ) | **Hearing Date:  7-3-18 at 10:30 AM** |
| | ) | |
| JOHN THOMAS LUCIANO | ) | 11 U.S.C. 362 |
| NIKKI LUCIANO | ) | |
| **Respondent** | ) | 11 U.S.C. 1301 |
| | ) | |
| WILLIAM C. MILLER | ) | |
| **Trustee** | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Credit Acceptance Corporation ("Credit Acceptance") filing this its Motion For Relief From The Automatic Stay And Co-Debtor Stay ("Motion"), and in support thereof, would respectfully show:

1. That on May 14, 2018, John Thomas Luciano filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2.  This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, 1301 and 28 U.S.C. 157 and 1334.

3.  On January 15, 2016, the debtor and the co-debtor Nikki Luciano entered into a retail installment contract for the purchase of a 2008 BMW X5 bearing vehicle identification number 5UXFE83568L166534.  The contract was assigned to Credit Acceptance Corporation and the debtor(s) became indebted to Credit Acceptance in accordance with the terms of same.  Credit Acceptance Corporation is designated as first lien holder on the title to the vehicle and holds a

first purchase money security interest in the vehicle.   A true copy of the contract and title

inquiry to the vehicle are annexed hereto as Exhibits A and B.

   4.  As of May 31, 2018, the debtor's account with Credit Acceptance had a net loan

balance of $21,686.72.

   5.  According to the May 2018 NADA Official Used Car Guide, the vehicle has a current

retail value of $11,300.00.

   6.  The debtor's account is past due from December 15, 2016 to May 15, 2018 with

arrears in the amount of $8,799.28.

   7.  Credit Acceptance Corporation alleges that the automatic stay and co-debtor stay

should be lifted for cause under 11 U.S.C. 362(d)(1) and 11 U.S.C. 1301 in that

Credit Acceptance lacks adequate protection of its interest in the vehicle as evidenced by the

following:

   (a)  The debtor is failing to make payments to Credit Acceptance and is failing to
   provide Credit Acceptance with adequate protection.


   WHEREFORE PREMISES CONSIDERED, Credit Acceptance respectfully requests that

upon final hearing of this Motion, (1) the automatic stay will be terminated as to Credit

Acceptance to permit Credit Acceptance to seek its statutory and other available remedies; (2)

that the co-debtor stay will be terminated as to Credit Acceptance to permit Credit Acceptance to

seek its statutory and other available remedies; (3) that the stay and co-debtor stay terminate

upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and

(4) Credit Acceptance be granted such other and further relief as is just.


Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Attorney ID: 92329
Local Counsel for Credit Acceptance Corporation